IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

REYMUNDO REYES

      Petitioner,

v.                                      No. CIV 99-0282 BB/JHG

JOE R. WILLIAMS, Warden, et al.

      Respondents.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

      Petitioner (Reyes) filed this habeas corpus action, pursuant to 28 U.S.C. § 2254, with respect to his conviction in the case styled, *State of New Mexico v. Reymundo Reyes*, and numbered CR-97-1491, Doña Ana County, State of New Mexico. On March 29, 1999, the assigned United States District Judge referred this matter to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), to recommend an ultimate disposition of the case.

      In their Motion to Dismiss, filed May 13, 1999, Respondents argue Reyes has procedurally defaulted all his claims when he failed to present claim 1 to the New Mexico Supreme Court and failed to raise claims 2 and 3 in his first state habeas corpus petition. Reyes did not respond to this motion. Having considered the arguments, pleadings, relevant law, and being otherwise fully informed, the Court recommends the Motion to Dismiss be granted and the Petition be dismissed with prejudice.

      In his Petition, Reyes presents the following issues for review: (1) the district judge erred

in using a prior arrest for enhancement proceedings; (2) Judgment and Sentence incorrectly states Petitioner went to court for a change of plea on January 29, 1997; and (3) Judgment and Sentence incorrectly states Petitioner was convicted of a fourth degree felony not a second degree felony.

**Procedural Background**

Reyes pled guilty to trafficking in a controlled substance on May 4, 1998. Answer, Ex. B. The State filed a Supplemental Information alleging Reyes was a habitual offender with a prior conviction for commercial burglary in Bernalillo County, CR-93-1292. Answer, Ex. C. Reyes was sentenced to nine years for the second degree felony of trafficking in a controlled substance. Additionally, his sentence was enhanced by one year as a habitual offender based on his prior conviction for commercial burglary. Answer, Exs. A, D.

Reyes filed a habeas corpus petition in state district court raising claim 1 which was denied. Answer, Exs. E, F. Reyes failed to file a petition for writ of certiorari from the state habeas corpus. *See* NMRA, 12-501. Reyes never appealed issues 2 or 3 or raised them in his state habeas corpus petition.

**Procedural default**

A state prisoner seeking relief pursuant to 28 U.S.C. § 2254(b) and (c) must exhaust state remedies before seeking to obtain relief in a federal habeas proceeding. *See generally, Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254 (b)(1)(A). Respondent contends Reyes has procedurally defaulted all three issues raised in his Petition. Procedural default occurs when a petitioner fails to exhaust state remedies and the court to which he would be required to present his claims in order to meet the exhaustion requirement would now find those claims procedurally barred. *Coleman v. Thompson*, 501 U.S.722, 735 n.1 (1991). In New

Mexico, failure to raise an issue on direct appeal waives that issue for purposes of post-conviction relief. *Jackson v. Shanks*, 143 F.3d 1313, 1318 (10th Cir. 1998). Procedural default can become an adequate and independent state ground for denial of a petitioner's constitutional claims. *Id.* at 729-32.

In this case, Reyes concedes in his Petition that he did not seek review of the denial of his habeas corpus petition by the state district court. In his Petition, Reyes states "Writ of certiorari time limits expired without petitioner being aware there was time limits." Reyes also concedes in his Petition that as to issues 2 and 3 he did not file a direct appeal or a state habeas corpus petition.

Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either "cause" and actual "prejudice" or a "fundamental miscarriage of justice." *Id.* at 750. Reyes has failed to respond to Respondent's motion to dismiss. Reyes also has failed to demonstrate cause for, or prejudice from, the procedural default, or that a fundamental miscarriage of justice would result from failure to consider the claims raised in issues 1, 2, and 3. Therefore the Court finds that issues 1, 2, and 3 should be dismissed due to procedural default.

## RECOMMENDED DISPOSITION

The Court recommends the Petition be dismissed.

**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**